A CERTIFIED TRUE COPY
ATTEST
By Tanisha Spinner on Jun 11, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 1 2009
S.D. OF N.Y.

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 11, 2009

FILED
CLERK'S OFFICE

IN RE: TREMONT GROUP HOLDINGS,
INC., SECURITIES LITIGATION

MDL No. 2052

## TRANSFER ORDER

**Before the entire Panel**[*]: The Tremont defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. The Oppenheimer and MassMutual defendants[2] join in the motion as do plaintiffs in nine of the eleven Southern District of New York actions. Plaintiffs in the two actions pending in the District of Massachusetts oppose the motion. At the Panel hearing session and in post-hearing submissions, opponents state that centralization of all their actions in the District of Massachusetts would be appropriate.

This litigation presently consists of thirteen actions listed on Schedule A and pending in two districts as follows: eleven actions in the Southern District of New York and two actions in the District of Massachusetts.[3]

On the basis of the papers and hearing session arguments, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether Tremont and its Rye

---

[*] Judge Vratil took no part in the disposition of this matter.

[1] Tremont Group Holdings, Inc. (Tremont); Tremont Partners, Inc.; and Rye Investment Management (Rye) (collectively Tremont defendants).

[2] Oppenheimer Acquisition Corp. and OppenheimerFunds, Inc.; and Massachusetts Mutual Life Insurance Co., MassMutual Holding LLC, and MassMutual Holding Trust I.

[3] Two additional actions included in the Section 1407 motion are no longer before the Panel. *John Dennis v. Tremont Group Holdings, Inc., et al.*, W.D. Washington, C.A. No. 2:09-315, was voluntarily dismissed. *White Trust Dated May 3, 2002, et al. v. Robert Schulman, et al.*, C.D. California, C.A. No. 2:09-759, has been remanded to state court.

The Panel has been notified that five related actions have recently been filed. These actions will be treated as a potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

division performed adequate due diligence before investing Tremont or Rye fund assets with Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC (BMLIS). Even though the Rye funds invested exclusively in BLMIS and the Tremont funds invested in both BMLIS and other securities, their common denominator is the nature of the due diligence that Tremont and Rye conducted prior to investing fund assets in BLMIS. To address this issue, all actions will likely focus on a significant number of common events, defendants, and/or witnesses. *See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1362 (J.P.M.L. 2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The opposing Massachusetts plaintiffs initially expressed reservations concerning the management of their actions in this MDL docket. The Massachusetts *Haines* plaintiffs argue that their action only involves investment in Tremont funds, while the New York actions primarily involve investments in Rye funds. While the Massachusetts *Kretschmar Trust* action involves the same kind of investment in a Rye fund as in one New York action, these plaintiffs argue that they only bring claims under Massachusetts state law. The New York and Massachusetts actions, however, involve investments in both Tremont and/or Rye funds as well as federal securities claims and/or state law claims. Having duplicative proceedings involving the Tremont and Rye funds underway in both the New York and Massachusetts districts is certainly not optimal. While some unique questions of fact distinguish the Massachusetts and the New York actions, all involve common factual questions concerning the investment of fund assets in BLMIS. Transfer to a single district under Section 1407 will permit one court to formulate a pretrial program that allows any non-common issues to proceed concurrently with common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); thus ensuring streamlined, just and expeditious resolution of all actions.

The MDL No. 2052 transferee court can employ pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. Plaintiffs can present their concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the extent of coordination or consolidation of these actions to the discretion of the transferee judge. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L. 1974).

We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) eleven of the thirteen actions are already pending and three potentially related actions have been recently filed there, and (2) parties, witnesses and documents will likely be found in or near New York.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Thomas P. Griesa for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil* | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: TREMONT GROUP HOLDINGS,
INC., SECURITIES LITIGATION

MDL No. 2052

## SCHEDULE A

### District of Massachusetts

The William Kretschmar Revocable Trust, et al. v. Rye Select Broad Market Fund, L.P., et al., C.A. No. 1:09-10146

Madelyn Haines, et al. v. Massachusetts Mutual Life Insurance Co., et al., C.A. No. 1:09-10182

### Southern District of New York

Arthur E. Lange, et al. v. Massachusetts Mutual Life Insurance Co., et al., C.A. No. 1:08-11117

Yvette Finkelstein, etc. v. Oppenheimer Acquisition Corp., et al., C.A. No. 1:08-11141

Richard Peshkin, etc. v. Tremont Group Holdings, Inc., et al., C.A. No. 1:08-11183

Arthur M. Brainson IRA R/O v. Rye Select Broad Market Fund, L.P., et al., C.A. No. 1:08-11212

Group Defined Pension Plan & Trust v. Tremont Market Neutral Fund, L.P., et al., C.A. No. 1:08-11359

Chateau Fiduciaire S.A., etc. v. Argus International Life Bermuda Ltd., et al., C.A. No. 1:09-557

Eileen S. Silvers v. Tremont Group Holdings, Inc., et al., C.A. No. 1:09-1111

John F. Keane, Jr. v. Tremont Group Holdings, Inc., et al., C.A. No. 1:09-1396

The Geoffrey Rabie Credit Shelter Trust, et al. v. Argus Group Holdings Ltd., et al., C.A. No. 1:09-1466

The Harriett Rutter Klein Revocable Trust v. Argus International Life Bermuda Ltd., et al., C.A. No. 1:09-2253

The Matthew L. Klein Irrevocable Family Trust v. Argus International Life Bermuda Limited, et al., C.A. No. 1:09-2254